UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                              :
EDISON IVAN MOREIRA-QUIJIJE,  :
                              :   Civil Action No. 17-5756 (NLH)
           Petitioner,        :
                              :
     v.                       :   MEMORANDUM OPINION
                              :
UNITED STATES DIST. COURT     :
FOR THE E. DIST. OF N.Y.,     :
                              :
           Respondent.        :
_____:
```

IT APPEARING THAT:

1. Petitioner Edison Ivan Moreira-Quijije ("Petitioner") previously filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 before this Court. (ECF No. 1.)

2. In his Petition, Petitioner requested that the Court "expedite the motion for reduction of sentence, 18 U.S.C. § 3582(c)(2), which, pursuant to Amendment 782." (Pet. ¶ 15.)

3. The Court determined that Petitioner filed a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) with his sentencing court, the United States District Court for the Eastern District of New York, in 2015. U.S. v. Moreira-Quijije, Crim. Action No. 11-380 (E.D.N.Y.).

4. While that motion was pending, Petitioner filed the instant habeas Petition, which appeared to be a request to expedite a decision by the Eastern District of New York. Since

the time he filed the instant Petition, the District Court in the Eastern District had granted his motion for a sentence reduction. (Id.)

5. Because it appeared that he had received the only relief he was seeking, i.e. a decision on the sentence reduction motion, the Court dismissed the instant Petition as moot. (ECF Nos 2, 3.) However, the Court permitted Petitioner to file a motion for reconsideration, to the extent the Court had misconstrued the nature of Petitioner's claims and/or his requested relief.

6. Petitioner thereafter filed such a request. (ECF Nos. 4, 5.) In his supplemental request, Petitioner is now seeking that "the court of the Eastern District of New York resentence him to 'time-served,' in accordance with section 3582(c)(2) of Title 18 of the U.S.C. and Amendments 782 and 788 of the guidelines." (ECF No. 4.)

7. Petitioner's request for reconsideration is denied. A motion to reduce his sentence pursuant to 18 U.S.C. § 3582 should be filed with the sentencing court, as Petitioner has already done. See Gregory v. Grondolsky, 365 F. App'x 326, 327 (3d Cir. 2010); United States v. Bullock, 532 F. App'x 179, 180 (3d Cir. 2013) ("[u]nder § 3582(c)(2), a *sentencing court* may

reduce an imposed sentence based on a subsequent amendment to the Guidelines…")(emphasis added).

If he wishes to appeal that decision, or file a new § 3582 motion, this Court is not the appropriate venue. Any appeal of the Eastern District's decision must be filed with the Second Circuit Court of Appeals, and any additional motions pursuant to § 3582 should be filed with the sentencing court.

8. To the extent Petitioner wishes to challenge his sentence as-imposed in any other way, a § 2241 petition before this Court is not the appropriate mechanism for doing so. See United States v. Walker, 980 F.Supp. 144, 145-46 (E.D.Pa. 1997 (challenges to a sentence as-imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241); Descamps v. Warden Lewisburg USP, 617 F. App'x 110, 112 (3d Cir. 2015) (§ 2255 motion is filed in the sentencing court; § 2241 petition is filed in the district of confinement). Nothing in his submissions suggest that Petitioner is challenging the execution of his sentence.

9. For these reasons, Petitioner's request for reconsideration is denied. An appropriate order follows.

Dated: January 8, 2018         s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.